# U. S. District Court
## Western District of Arkansas (El Dorado)
## CIVIL DOCKET FOR CASE #: <u>1:24−cv−01036−SOH</u>

| | |
|---|---|
| Rogers v. Columbia County et al | Date Filed: 06/13/2024 |
| Assigned to: District Judge Susan O Hickey | Jury Demand: Both |
| Cause: 42:1983 Prisoner Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

### **Plaintiff**

**Randy DeWayne Rogers**
*on his own behalf and as Administrator of the*
*Estate of*
Randy James Rogers

represented by **Jo Alison Lee**
Norwood & Norwood, P.A.
PO Box 1960
Rogers, AR 72757
479−636−1262
Fax: 479−636−7595
Email: <u>alison@norwoodattorneys.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jon Loevy**
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, IL 60607
312−243−5900
Email: <u>jon@loevy.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Norman Douglas Norwood**
Norwood & Norwood, P.A.
PO Box 1960
Rogers, AR 72757
479−636−1262
Fax: 479−636−7595
Email: <u>doug@norwoodattorneys.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Makar**
Hale & Monico
250 Park Ave
10177
New York, NY 10177
641−420−7848
Email: <u>mmakar@halemonico.com</u>
*TERMINATED: 03/13/2026*

*PRO HAC VICE*

**Megan Porter**
Loevy & Loevy Attorneys at Law
311 N. Aberdeen St.
Ste. 3
Chicago, IL 60607
440−728−5269
Email: porter@loevy.com
*TERMINATED: 10/18/2024*
*PRO HAC VICE*

**Regina Powers**
Loevy and Loevy
311 N. Aberdeen Street
Third Floor
Chicago, IL 60607
312−243−5900
Email: powers@loevy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen H. Weil**
Romanucci & Blandin
IL
321 N. Clark St.
Ste 900
60654
Chicago, IL 60654
312−458−1000
Fax: 312−458−1002
Email: sweil@rblaw.net
*TERMINATED: 10/18/2024*
*PRO HAC VICE*

V.

**<u>Defendant</u>**

**Columbia County**                    represented by    **Jason E. Owens**
Owens & Parker Law Firm, P.A.
P.O. Box 850
Conway, AR 72033−0850
501−764−4334
Email: owens@jowenslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Knox Faulkner**
Owens & Parker Law Firm, P.A.
P.O. Box 850
Conway, AR 72033−0850

501−764−4334
Email: faulkner@jowenslawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Columbia County Sheriff's Office**
*TERMINATED: 08/22/2024*

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Michael Loe**

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Hulet**

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aaliyah Rose**

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jesse Guise**

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Moseley**

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**County Facility Healthcare of Arkansas, LLC**

represented by **C. Burt Newell**
P.O. Box 1620
Hot Springs, AR 71902−1620
501−321−2222
Email: BURT@HOTSPRINGSLAW.NET
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Darryl Elkins** | represented by | **C. Burt Newell** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Nurse Cassandra**

**Defendant**

| | | |
|---|---|---|
| **Magnolia Regional Medical Center** | represented by | **Carson Tucker** |
| *TERMINATED: 04/10/2026* | | Wright Lindsey Jennings LLP |
| | | 200 West Capitol |
| | | Suite 2300 |
| | | Little Rock, AR 72201 |
| | | (501) 371–0808 |
| | | Fax: (501) 376–9442 |
| | | Email: ctucker@wlj.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Dustin Doty** |
| | | Wright, Lindsey & Jennings, LLP |
| | | 3333 Pinnacle Hills Parkway |
| | | Suite 510 |
| | | Rogers, AR 72758 |
| | | 479–986–0888 |
| | | Fax: 479–986–8932 |
| | | Email: ddoty@wlj.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Emergency Staffing Solutions** | represented by | **Lane O Krieger** |
| *TERMINATED: 04/10/2026* | | Wiggins Sewell & Ogletree |
| | | 210 Park Avenue |
| | | Suite 3100 |
| | | Oklahoma City, OK 73102 |
| | | 405–232–1211 |
| | | Fax: 405–235–7025 |
| | | Email: lkrieger@wsolaw.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Becca Schmidt** |
| | | Wiggins Sewell |
| | | 210 Park Ave |
| | | Suite 3100 |
| | | Oklahoma City, OK 73102 |
| | | 918–633–4624 |
| | | Email: bschmidt@wigginssewell.com |
| | | *PRO HAC VICE* |

*ATTORNEY TO BE NOTICED*

**Emily Noble Richard**
Wiggins Sewell & Ogletree
210 Park Avenue
Suite 3100
Oklahoma City, OK 73102
405−232−1211
Email: erichard@wsolaw.net
*TERMINATED: 09/08/2025*

**Defendant**

**Nurse M. Brazell**                    represented by  **Carson Tucker**
*TERMINATED: 10/27/2025*                               (See above for address)
                                                       *LEAD ATTORNEY*

**Defendant**

**Dr. Phillip Pace**                    represented by  **Lane O Krieger**
*TERMINATED: 04/10/2026*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Becca Schmidt**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Emily Noble Richard**
                                                       (See above for address)
                                                       *TERMINATED: 09/08/2025*

**Defendant**

**Dr. Dilan Samarawickrama**            represented by  **Mariam T. Hopkins**
*TERMINATED: 11/04/2025*                               Anderson, Murphy & Hopkins, L.L.P.
                                                       101 River Bluff Drive, Suite A
                                                       Little Rock, AR 72202
                                                       501−210−3606
                                                       Email: hopkins@amhfirm.com
                                                       *LEAD ATTORNEY*

                                                       **Julia M. Hancock**
                                                       Anderson, Murphy & Hopkins, L.L.P.
                                                       101 River Bluff Drive
                                                       Suite A
                                                       Little Rock, AR 72202
                                                       501−372−1887
                                                       Fax: 501−372−7706
                                                       Email: hancock@amhfirm.com

**Defendant**

**Radiology Associates, P.A.**
*TERMINATED: 11/04/2025*

represented by **Mariam T. Hopkins**
(See above for address)
*LEAD ATTORNEY*

**Julia M. Hancock**
(See above for address)

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2024 | 1 | CIVIL COVER SHEET by Randy James Rogers. Please proceed with filing your case initiating documents.<br><br><span style="color:red">If the case initiating documents are not filed by Close of Business the next business day, this file may be closed.</span><br><br>A civil action is commenced by filing a complaint with the Court (Fed.R.Civ.P.3).(mll) (Main Document 1 replaced on 6/13/2024) (mll). (Entered: 06/13/2024) |
| 06/13/2024 | 2 | COMPLAINT with Jury Demand against All Defendants, filed by Randy DeWayne Rogers.(Norwood, Norman) (Entered: 06/13/2024) |
| 06/13/2024 | 3 | Magistrate Notice/Consent Form.(mll) (Entered: 06/13/2024) |
| 06/13/2024 |  | CLERK'S NOTICE REGARDING FILING FEE. The following document was received and filed without the appropriate filing fee: 2 Complaint.<br><br>**<span style="color:red">You MUST pay the filing fee of $405.00 or file a motion to proceed In Forma Pauperis, if appropriate, within 2 business days.</span>**<br><br>If the proper fees or motion are not received for case initiating documents, your case may be subject to dismissal.<br><br>Present your payment to the appropriate Divisional Office or Pay Online, using the **Civil –> Other Documents –> Filing Fee Submitted** event. Filing Fee due by 6/17/2024.(mll) (Entered: 06/13/2024) |
| 06/13/2024 |  | TEXT ONLY CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Plaintiff, Randy DeWayne Rogers. Complaint 2 lists multiple attorneys appearing for the filer. The following attorneys, who did not sign the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case: **<span style="color:red">Jon Loevy, Stephen H. Weil, Megan Porter</span>**.(mll) (Entered: 06/13/2024) |
| 06/14/2024 |  | Filing fee received: $ 405, receipt number 5008036. (ria) (Entered: 06/14/2024) |
| 06/18/2024 | 4 | MOTION for Attorney Megan Porter to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3002513) by Randy DeWayne Rogers. (Attachments: # 1 Declaration)(Porter, Megan) (Entered: 06/18/2024) |
| 06/18/2024 | 5 | MOTION for Attorney Stephen Weil to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3002527) by Randy DeWayne Rogers. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration)(Weil, Stephen) (Entered: 06/18/2024) |
| 06/20/2024 | 6 | **TEXT ONLY ORDER granting 4 Motion to Appear Pro Hac Vice. Megan Porter appearing for Plaintiff. Signed by Honorable Susan O. Hickey on June 20, 2024. (cha) (Entered: 06/20/2024)** |
| 06/20/2024 | 7 | **TEXT ONLY ORDER granting 5 Motion to Appear Pro Hac Vice. Stephen Weil appearing for Plaintiff. Signed by Honorable Susan O. Hickey on June 20, 2024. (cha) (Entered: 06/20/2024)** |
| 06/25/2024 | 8 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Aaliyah Rose for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 9 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Columbia County for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 10 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Columbia County Sherriff's Office for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 11 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to County Facility Healthcare of Arkansas, LLC for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 12 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Darryl Elkins for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 13 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Dr. Dilan Samarawickrama for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 14 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Dr. Phillip Pace for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 15 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Emergency Staffing Solutions for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 16 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** <br><br> Summons Requested as to Jesse Guise for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 17 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.** |

| | | |
|---|---|---|
| | | Summons Requested as to Magnolia Regional Medical Center for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 18 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Mark Moseley for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 19 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Matthew Hulet for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 20 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Michael Loe for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 21 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Nurse Cassandra for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 22 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Nurse M. Brazell for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 23 | **THE DOCUMENT IS RESTRICTED TO COURT USERS.**<br><br>Summons Requested as to Radiology Associates, P.A for service of the following document: 2 Complaint. (Weil, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 24 | **THE DOCUMENT IS RESTRICTED TO COURT USERS AND CASE PARTICIPANTS.**<br><br>Summons Issued as to All Defendants and returned to attorney or plaintiff for service.<br><br>**YOU MUST PRINT THIS ISSUED SUMMONS, WHICH IS THE MAIN DOCUMENT. PAPER COPIES WILL NOT BE MAILED.**<br><br>(mll) (Entered: 06/25/2024) |
| 06/27/2024 | 25 | MOTION for Attorney Jon Loevy to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3007762) by Randy DeWayne Rogers. (Attachments: # 1 Declaration)(Loevy, Jon) (Entered: 06/27/2024) |
| 06/28/2024 | 26 | **TEXT ONLY ORDER granting 25 Motion to Appear Pro Hac Vice. Jon Loevy appearing for Plaintiff. Signed by Honorable Susan O. Hickey on June 28, 2024. (cha) (Entered: 06/28/2024)** |
| 07/09/2024 | 27 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Columbia County served on 7/8/2024, answer due 7/29/2024. (Weil, Stephen) (Entered: 07/09/2024) |
| 07/16/2024 | 28 | |

| | | |
|---|---|---|
| | | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Columbia County Sheriff's Office served on 7/12/2024, answer due 8/2/2024. (Weil, Stephen) (Entered: 07/16/2024) |
| 07/16/2024 | 29 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Magnolia Regional Medical Center served on 7/12/2024, answer due 8/2/2024. (Weil, Stephen) (Entered: 07/16/2024) |
| 07/16/2024 | 30 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Emergency Staffing Solutions served on 7/14/2024, answer due 8/5/2024. (Weil, Stephen) (Entered: 07/16/2024) |
| 07/18/2024 | 31 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Radiology Associates, P.A. served on 7/15/2024, answer due 8/5/2024. (Weil, Stephen) (Entered: 07/18/2024) |
| 07/29/2024 | 32 | ANSWER to 2 Complaint with Jury Demand by Columbia County.(Owens, Jason) (Entered: 07/29/2024) |
| 07/29/2024 | 33 | MOTION to Dismiss Party by Columbia County, Columbia County Sheriff's Office. (Owens, Jason) (Entered: 07/29/2024) |
| 07/29/2024 | 34 | MEMORANDUM BRIEF in Support of 33 MOTION to Dismiss Party by Columbia County, Columbia County Sheriff's Office. (Owens, Jason) (Entered: 07/29/2024) |
| 08/02/2024 | 35 | ANSWER to 2 Complaint with Jury Demand by Magnolia Regional Medical Center.(Tucker, Carson) (Entered: 08/02/2024) |
| 08/05/2024 | 36 | ANSWER to 2 Complaint with Jury Demand by Emergency Staffing Solutions.(Krieger, Lane) (Entered: 08/05/2024) |
| 08/07/2024 | 37 | ANSWER to 2 Complaint with Jury Demand by Radiology Associates, P.A.. (Attachments: # 1 Exhibit A)(Hopkins, Mariam) (Entered: 08/07/2024) |
| 08/09/2024 | 38 | NOTICE of Appearance by Julia M. Hancock on behalf of Radiology Associates, P.A.. (Hancock, Julia) (Entered: 08/09/2024) |
| 08/12/2024 | 39 | RESPONSE IN SUPPORT OF Motion re 33 MOTION to Dismiss Party filed by Randy DeWayne Rogers. (Porter, Megan) (Entered: 08/12/2024) |
| 08/15/2024 | 40 | **INITIAL SCHEDULING ORDER: Rule 26(f) Conference to be conducted on or before 9/11/2024. JOINT Rule 26(f) Meeting Report due by 9/18/2024. Jury Trial set for 8/4/2025 in El Dorado –– 2nd flr before Honorable Susan O. Hickey. Signed by Honorable Susan O. Hickey on August 14, 2024. (rwg) (Entered: 08/15/2024)** |
| 08/16/2024 | 41 | MOTION for Attorney Emily N. Richard to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3035947) by Emergency Staffing Solutions. (Richard, Emily) (Entered: 08/16/2024) |
| 08/20/2024 | 42 | **TEXT ONLY ORDER granting 41 Motion to Appear Pro Hac Vice. Emily N. Richard appearing for Emergency Staffing Solutions. Signed by Honorable Susan O. Hickey on August 20, 2024. (cha) (Entered: 08/20/2024)** |
| 08/22/2024 | 43 | **ORDER granting 33 Motion to Dismiss Party. The Columbia County Sheriff's Office is DISMISSED as a party in this matter. Signed by Honorable Susan O. Hickey on August 22, 2024.(mll) (Entered: 08/22/2024)** |

| 09/18/2024 | 44 | NOTICE of Appearance by Daniel Knox Faulkner on behalf of Columbia County. (Faulkner, Daniel) (Entered: 09/18/2024) |
|---|---|---|
| 09/18/2024 | 45 | JOINT REPORT of Rule 26(f) Planning Meeting by Radiology Associates, P.A.. (Hancock, Julia) (Entered: 09/18/2024) |
| 09/24/2024 | 46 | WAIVER OF SERVICE Returned Executed filed by Randy DeWayne Rogers. Dilan Samarawickrama was sent waiver on 9/24/2024, answer due 11/25/2024. (Loevy, Jon) (Entered: 09/24/2024) |
| 09/25/2024 | 47 | ANSWER to 2 Complaint with Jury Demand by Dilan Samarawickrama.(Hancock, Julia) (Entered: 09/25/2024) |
| 09/26/2024 | 48 | AFFIDAVIT of Service, filed by Randy DeWayne Rogers. (Loevy, Jon) (Entered: 09/26/2024) |
| 09/26/2024 | 49 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Matthew Hulet served on 9/24/2024, answer due 10/15/2024. (Loevy, Jon) (Entered: 09/26/2024) |
| 09/26/2024 | 50 | TEXT ONLY NOTICE OF DEFICIENCY directed to Dilan Samarawickrama: An 47 Answer to Complaint (Attorney filed Complaint) was filed with the Court and appears to contain one or more deficiencies. The document appears to be deficient as follows: Included a Motion to Dismiss. Rule 7.2(e) requires motions to dismiss to be filed separately. **You are advised that the filing, while on the record, will not be considered unless and until all deficiencies are remedied.** (tmc) (Entered: 09/26/2024) |
| 09/26/2024 | 51 | AMENDED ANSWER to 2 Complaint by Dilan Samarawickrama. (Hancock, Julia) (Entered: 09/26/2024) |
| 09/30/2024 | 52 | ANSWER to 2 Complaint with Jury Demand by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose.(Owens, Jason) (Entered: 09/30/2024) |
| 10/01/2024 | | TEXT ONLY CLERK'S NOTICE regarding Proof of Service directed to Plaintiff Randy DeWayne Rogers. The docket does not reflect that proof of service or a motion and order to extend the time to complete service has been filed. No answer or other responsive pleading has been filed by Defendants: County Facility Healthcare of Arkansas, LLC, Nurse M. Brazell, Nurse Cassandra, Darryl Elkins, Dr. Phillip Pace. The Plaintiff is directed to file proof of timely service, or a statement as to when such proof will be filed, within five (5) days of the filing of this Notice. See Fed. R. Civ. P. 4(l). Proof of Service due by 10/7/2024. (bjb) (Entered: 10/01/2024) |
| 10/01/2024 | 53 | *** DISREGARD – ATTORNEY FILED WRONG EVENT *** NOTICE of Appearance by Maria Makar on behalf of Randy DeWayne Rogers. (Makar, Maria) Modified on 10/4/2024 (tmc). (Entered: 10/01/2024) |
| 10/07/2024 | 54 | MOTION for Attorney Maria Makar to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3066746) by Randy DeWayne Rogers. (Attachments: # 1 Certificate of Good Standing)(Makar, Maria) (Entered: 10/07/2024) |
| 10/07/2024 | 55 | SUMMONS Returned Executed by Randy DeWayne Rogers. Phillip Pace served on 10/3/2024, answer due 10/24/2024. (Makar, Maria) (Entered: 10/07/2024) |

| | | |
|---|---|---|
| 10/07/2024 | 56 | MOTION for Extension of Time to File *Service* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 10/07/2024) |
| 10/08/2024 | 57 | **TEXT ONLY ORDER granting 54 Motion to Appear Pro Hac Vice. Maria Makar appearing for Plaintiff. Signed by Honorable Susan O. Hickey on October 8, 2024. (cha) (Entered: 10/08/2024)** |
| 10/15/2024 | 58 | **ORDER granting 56 Motion for Extension of Time to Serve. Plaintiff is given an additional thirty (30) days to perfect service on Defendants County Healthcare, Darryl Elkins, Nurse Cassandra, and Nurse M. Brazell, with a new service deadline of November 10, 2024. Plaintiff is granted leave to serve discovery regarding the identities and locations of the four unserved Defendants. Signed by Honorable Susan O. Hickey on October 15, 2024.(mll) (Entered: 10/15/2024)** |
| 10/16/2024 | 59 | MOTION of Stephen H. Weil to Withdraw as Attorney by Randy DeWayne Rogers. (Makar, Maria) (Entered: 10/16/2024) |
| 10/18/2024 | 60 | **ORDER granting 59 Motion to Withdraw as Attorney. Attorneys Megan Porter and Stephen H. Weil withdrawn. The Clerk of Court is directed to remove their names from the list of attorneys who receive Notices of Electronic Filing in this case. Signed by Honorable Susan O. Hickey on October 18, 2024.(mll) (Entered: 10/18/2024)** |
| 10/23/2024 | 61 | **FINAL SCHEDULING ORDER: Jury Trial set for 3/2/2026 @ 09:00 AM in El Dorado –– 2nd flr before Honorable Susan O. Hickey. *See Order for specifics*. Signed by Honorable Susan O. Hickey on October 23, 2024. (rwg) (Entered: 10/23/2024)** |
| 10/23/2024 | 62 | ANSWER to 2 Complaint with Jury Demand by Phillip Pace.(Richard, Emily) (Entered: 10/23/2024) |
| 11/12/2024 | 63 | MOTION for Extension of Time to File *Service* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 11/12/2024) |
| 11/20/2024 | 64 | **ORDER granting 63 Motion for Extension of Time to File to serve to December 20, 2024 (See Order for Specifics). Signed by Honorable Susan O. Hickey on November 20, 2024. (lgd) (Entered: 11/20/2024)** |
| 12/04/2024 | 65 | AFFIDAVIT of Service for Summons, filed by Randy DeWayne Rogers. Nurse M. Brazell served on 12/3/2024, answer due 12/24/2024. (Makar, Maria) (Entered: 12/04/2024) |
| 12/17/2024 | 66 | ANSWER to 2 Complaint with Jury Demand by Nurse M. Brazell.(Tucker, Carson) (Entered: 12/17/2024) |
| 12/20/2024 | 67 | Unopposed MOTION for Extension of Time to File *Service* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 12/20/2024) |
| 12/23/2024 | 68 | **ORDER granting 67 Motion for Extension of Time to File Service; Plaintiff is given an additional fifteen (15) days to perfect service on Defendants County Healthcare, Darryl Elkins, and Nurse Cassandra, with a new service deadline of January 4, 2025. Signed by Honorable Susan O. Hickey on December 23, 2024. (tmc) (Entered: 12/23/2024)** |
| 01/06/2025 | 69 | RETURN OF SERVICE (Non–Summons) by Randy DeWayne Rogers *County Facility Healthcare of Arkansas* (Makar, Maria) (Entered: 01/06/2025) |

| | | |
|---|---|---|
| 01/06/2025 | 70 | MOTION for Extension of Time to File *Service* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 01/06/2025) |
| 01/08/2025 | 71 | **ORDER granting 70 Motion for Extension of Time for Service. Plaintiff is given an additional thirty (30) days to perfect service on Defendants Darryl Elkins and Nurse Cassandra, with a new service deadline of February 5, 2025. Signed by Honorable Susan O. Hickey on January 8, 2025. (tmc) (Entered: 01/08/2025)** |
| 01/28/2025 | 72 | MOTION to Compel *Discovery* by Radiology Associates, P.A., Dilan Samarawickrama. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Hancock, Julia) (Entered: 01/28/2025) |
| 01/28/2025 | 73 | MEMORANDUM BRIEF in Support of 72 MOTION to Compel *Discovery* by Radiology Associates, P.A., Dilan Samarawickrama. (Hancock, Julia) (Entered: 01/28/2025) |
| 01/29/2025 | | MOTIONS REFERRED to Honorable Barry A. Bryant per chambers: 72 MOTION to Compel *Discovery* filed by Dilan Samarawickrama, Radiology Associates, P.A.. Motions referred to Honorable Barry A Bryant.(tmc) (Entered: 01/29/2025) |
| 01/30/2025 | 74 | ANSWER to 2 Complaint by County Facility Healthcare of Arkansas, LLC, Darryl Elkins.(Newell, C.) (Entered: 01/30/2025) |
| 02/05/2025 | 75 | MOTION for Extension of Time to File *Service* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 02/05/2025) |
| 02/07/2025 | 76 | **ORDER granting 75 Motion for Extension of Time to Serve Defendant Nurse Cassandra. Service deadline is extended to February 19, 2025. Signed by Honorable Susan O. Hickey on February 7, 2025. (mbm) (Entered: 02/07/2025)** |
| 02/11/2025 | 78 | RESPONSE IN OPPOSITION TO Motion re 72 MOTION to Compel *Discovery* filed by Randy DeWayne Rogers. (Makar, Maria) (Entered: 02/11/2025) |
| 02/14/2025 | 79 | NOTICE of Appearance by Dustin Doty on behalf of Magnolia Regional Medical Center. (Doty, Dustin) (Entered: 02/14/2025) |
| 02/14/2025 | 80 | NOTICE by Radiology Associates, P.A., Dilan Samarawickrama (Hancock, Julia) (Entered: 02/14/2025) |
| 02/17/2025 | 81 | MOTION to Compel *Production from Arkansas State Crime Laboratory* by Radiology Associates, P.A., Dilan Samarawickrama. (Attachments: # 1 Exhibit)(Hancock, Julia) (Entered: 02/17/2025) |
| 02/17/2025 | 82 | MEMORANDUM BRIEF in Support of 81 MOTION to Compel *Production from Arkansas State Crime Laboratory* by Radiology Associates, P.A., Dilan Samarawickrama. (Hancock, Julia) (Entered: 02/17/2025) |
| 02/18/2025 | 83 | **TEXT ONLY ORDER REFERRING MOTION: 81 MOTION to Compel *Production from Arkansas State Crime Laboratory* filed by Dilan Samarawickrama, Radiology Associates, P.A. to Honorable Barry A. Bryant. Signed by Honorable Susan O. Hickey on February 18, 2025. Motions referred to Barry A Bryant.(mjm) (Entered: 02/18/2025)** |
| 02/19/2025 | 84 | MOTION for Protective Order by Randy DeWayne Rogers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Makar, Maria) (Entered: 02/19/2025) |

| Date | No. | Description |
|---|---|---|
| 02/21/2025 | 85 | **TEXT ONLY ORDER REFERRING MOTION: 84 MOTION for Protective Order filed by Randy DeWayne Rogers to Honorable Barry A. Bryant. Signed by Honorable Susan O. Hickey on February 21, 2025. Motions referred to Barry A Bryant.(mjm) (Entered: 02/21/2025)** |
| 03/05/2025 | 86 | **TEXT ONLY ORDER Setting Hearing on Motion 72 MOTION to Compel** *Discovery*, **84 MOTION for Protective Order : Motion Hearing set for 4/9/2025 10:00 AM in Texarkana –– 3rd flr (AR side) before Honorable Barry A Bryant. Signed by Honorable Barry A Bryant on March 5, 2025. (sss) (Entered: 03/05/2025)** |
| 03/06/2025 | 87 | RESPONSE IN OPPOSITION TO Motion re 84 MOTION for Protective Order filed by Radiology Associates, P.A., Dilan Samarawickrama. (Hancock, Julia) (Entered: 03/06/2025) |
| 03/06/2025 | 88 | NOTICE OF DEFAULT PROCEDURE under FRCP 55 directed to plaintiff as to default of Defendant Nurse Cassandra. Affidavit in Support of Default due by 3/20/2025. (Attachments: # 1 Affidavit)(mll) (Entered: 03/06/2025) |
| 03/07/2025 | 89 | **ORDER denying 81 Motion to Compel. Signed by Honorable Barry A Bryant on March 7, 2025. (mbm) (Entered: 03/07/2025)** |
| 03/17/2025 | 90 | AFFIDAVIT in SUPPORT *of Default* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 03/17/2025) |
| 03/18/2025 | 91 | CLERK'S ENTRY of Default as to Nurse Cassandra. (mjm) (Entered: 03/18/2025) |
| 04/07/2025 | 92 | Unopposed MOTION to Continue Hearing by Randy DeWayne Rogers. (Makar, Maria) (Entered: 04/07/2025) |
| 04/07/2025 | 93 | NOTICE by Radiology Associates, P.A., Dilan Samarawickrama *Letter to Judge* (Attachments: # 1 Exhibit Makar E–mail [4–7–25], # 2 Exhibit Agreed Protective Order)(Hancock, Julia) (Entered: 04/07/2025) |
| 04/08/2025 | 94 | **TEXT ONLY ORDER REFERRING MOTION: 92 Unopposed MOTION to Continue Hearing filed by Randy DeWayne Rogers to Honorable Barry A. Bryant. Signed by Honorable Susan O. Hickey on April 8, 2025. Motions referred to Barry A Bryant.(mmr) (Entered: 04/08/2025)** |
| 04/08/2025 | 95 | **TEXT ONLY ORDER granting 92 Motion to Continue Discovery Hearing. The discovery hearing set for Wednesday, April 9, 2025 is cancelled and will be rescheduled at a later date. The parties are DIRECTED to immediately inform the Court if they resolve their discovery disputes. Signed by Honorable Barry A Bryant on April 8, 2025. (mlf) (Entered: 04/08/2025)** |
| 04/08/2025 | 96 | NOTICE by Radiology Associates, P.A., Dilan Samarawickrama *Proof of Service of Subpoena on the Arkansas State Crime Laboratory in Little Rock, Arkansas* (Hancock, Julia) (Entered: 04/08/2025) |
| 04/14/2025 | 97 | **ORDER granting 84 Motion for Protective Order. Signed by Honorable Barry A Bryant on April 14, 2025. (mbm) (Entered: 04/14/2025)** |
| 05/20/2025 | 98 | NOTICE by Radiology Associates, P.A., Dilan Samarawickrama *Notice of Compliane* (Hancock, Julia) (Entered: 05/20/2025) |
| 06/05/2025 | 99 | **TEXT ONLY ORDER finding as moot 72 Motion to Compel. Signed by Honorable Barry A Bryant on June 5, 2025. (mlf) (Entered: 06/05/2025)** |

| | | |
|---|---|---|
| 06/27/2025 | 100 | Unopposed MOTION to Continue Trial *Date* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 06/27/2025) |
| 07/03/2025 | 101 | **ORDER granting 100 Motion to Continue. The case is moved from the previous trial setting of 3/02/2026. Jury Trial set for 4/6/2026 09:00 AM in El Dorado –– 3rd flr (Rm 315) before Honorable Susan O. Hickey. Signed by Honorable Susan O. Hickey on July 3, 2025. (tmc) (Main Document 101 replaced on 7/7/2025) (mbm). (Entered: 07/03/2025)** |
| 07/24/2025 | 102 | Joint MOTION to Extend *Expert Disclosure Deadlines* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 07/24/2025) |
| 07/25/2025 | 103 | **ORDER granting 102 Joint Motion to Extend Discover. *See Order for specifics.* Signed by Honorable Susan O. Hickey on July 25, 2025. (mbm) (Entered: 07/25/2025)** |
| 08/20/2025 | 104 | MOTION for Attorney Regina Powers to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3234792) by Randy DeWayne Rogers. (Attachments: # 1 Exhibit Declaration)(Powers, Regina) (Entered: 08/20/2025) |
| 08/21/2025 | 105 | **TEXT ONLY ORDER granting 104 Motion to Appear Pro Hac Vice. Regina Powers appearing for Plaintiff. Signed by Honorable Susan O. Hickey on August 21, 2025. (cha) (Entered: 08/21/2025)** |
| 08/27/2025 | 106 | MOTION of Emily N. Richard to Withdraw as Attorney by Emergency Staffing Solutions. (Richard, Emily) (Entered: 08/27/2025) |
| 08/27/2025 | 107 | Unopposed MOTION to Amend/Correct *Scheduling Order* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 08/27/2025) |
| 09/03/2025 | 108 | NOTICE by Radiology Associates, P.A., Dilan Samarawickrama *Notice of Compliance* (Hopkins, Mariam) (Entered: 09/03/2025) |
| 09/08/2025 | 109 | **ORDER granting 106 Motion to Withdraw as Attorney. Attorney Emily Noble Richard withdrawn, and the Clerk of Court is directed to remove his/her name from the list of attorneys who receive Notices of Electronic Filing in this case. Signed by Honorable Susan O. Hickey on September 8, 2025. (tls) (Entered: 09/08/2025)** |
| 09/08/2025 | 110 | MOTION for Attorney Rebecca E. Schmidt to Appear Pro Hac Vice (PHV Application fee paid $ 100; receipt number AARWDC–3242832) by Emergency Staffing Solutions. (Schmidt, Becca) (Entered: 09/08/2025) |
| 09/09/2025 | 111 | **TEXT ONLY ORDER granting 110 Motion to Appear Pro Hac Vice. Rebecca E. Schmidt appearing for Emergency Staffing Solutions; Dr. Phillip Pace. Signed by Honorable Susan O. Hickey on September 9, 2025. (cha) (Entered: 09/09/2025)** |
| 09/10/2025 | 112 | **ORDER granting 107 Motion to Amend/Correct; ORDER Setting/Resetting Hearings:( Jury Trial set for 6/8/2026 09:00 AM in El Dorado –– 2nd floor before Honorable Susan O. Hickey.). Signed by Honorable Susan O. Hickey on September 10, 2025. (tls) Modified courtroom number on 3/3/2026 (hnc). (Entered: 09/10/2025)** |
| 10/08/2025 | 113 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama (Attachments: # 1 Exhibit A (Certified Mail Return |

| | | |
|---|---|---|
| | | Receipts))(Hopkins, Mariam) (Entered: 10/08/2025) |
| 10/13/2025 | 114 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama *(Proof of Service of Ainsworth)* (Attachments: # 1 Exhibit A (Proof of Service))(Hopkins, Mariam) (Entered: 10/13/2025) |
| 10/13/2025 | 115 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama *(Proof of Service of Holmes)* (Attachments: # 1 Exhibit A (Proof of Service))(Hopkins, Mariam) (Entered: 10/13/2025) |
| 10/13/2025 | 116 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama *(Proof of Service of Ingle)* (Attachments: # 1 Exhibit A (Proof of Service))(Hopkins, Mariam) (Entered: 10/13/2025) |
| 10/13/2025 | 117 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama *(Proof of Service of Wyrick)* (Attachments: # 1 Exhibit A (Proof of Service))(Hopkins, Mariam) (Entered: 10/13/2025) |
| 10/16/2025 | 118 | STIPULATION *OF VOLUNTARY DISMISSAL* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 10/16/2025) |
| 10/20/2025 | 119 | RETURN OF SERVICE (Non–Summons) by Radiology Associates, P.A., Dilan Samarawickrama *(Proof of Service of Frisby)* (Attachments: # 1 Exhibit A (proof of Service))(Hopkins, Mariam) (Entered: 10/20/2025) |
| 10/27/2025 | 120 | **ORDER re 118 Stipulation of Voluntary Dismissal filed by Randy DeWayne Rogers. Accordingly, all of Plaintiff's claims against Separate Defendant Nurse Brazell are hereby DISMISSED WITH PREJUDICE. Signed by District Judge Susan O Hickey on October 27, 2025. (ria) (Entered: 10/27/2025)** |
| 11/03/2025 | 121 | STIPULATION *OF VOLUNTARY DISMISSAL WITH PREJUDICE* by Randy DeWayne Rogers. (Makar, Maria) (Entered: 11/03/2025) |
| 11/04/2025 | 122 | **ORDER OF DISMISSAL re 121 Stipulation filed by Randy DeWayne Rogers Defendants Dr. Dilan Samarawickrama and Radiology Associates, P.A. are hereby DISMISSED WITH PREJUDICE.(tls) Modified on 11/13/2025 (tls). Modified docket text on 11/13/2025 (tmc). (Entered: 11/04/2025)** |
| 11/04/2025 | 123 | MOTION to Amend/Correct *Scheduling Order* by Randy DeWayne Rogers. (Powers, Regina) (Entered: 11/04/2025) |
| 11/10/2025 | 124 | **ORDER granting 123 Plaintiff's Motion to Extend Expert Deadlines.The new deadline for initial expert disclosures is December 8, 2025. The new deadline for rebuttal export disclosures is December 22, 2025. The parties are cautioned that the Court is unlikely to entertain any requests to extend the discovery deadline without a corresponding request to continue the current trial date. Signed by District Judge Susan O Hickey on November 10, 2025. (mbm) (Entered: 11/10/2025)** |
| 11/12/2025 | 125 | Unopposed MOTION for Protective Order by Randy DeWayne Rogers. (Attachments: # 1 Exhibit A)(Makar, Maria) (Entered: 11/12/2025) |
| 11/13/2025 | 126 | **ORDER granting 125 Motion for Protective Order. Signed by District Judge Susan O Hickey on November 13, 2025. (ria) (Entered: 11/13/2025)** |
| 12/17/2025 | 127 | MOTION for Protective Order by Randy DeWayne Rogers. (Attachments: # 1 Exhibit A)(Makar, Maria) (Entered: 12/17/2025) |

| | | |
|---|---|---|
| 12/18/2025 | 128 | **ORDER granting 127 Motion for Protective Order. Signed by District Judge Susan O Hickey on December 18, 2025. (mbm) (Entered: 12/18/2025)** |
| 01/29/2026 | 129 | MOTION for Extension of Time to File *Dispositive Motion* by County Facility Healthcare of Arkansas, LLC, Darryl Elkins. (Newell, C.) (Entered: 01/29/2026) |
| 01/30/2026 | 130 | MOTION for Summary Judgment by Magnolia Regional Medical Center. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Doty, Dustin) (Entered: 01/30/2026) |
| 01/30/2026 | 131 | MEMORANDUM BRIEF in Support of 130 MOTION for Summary Judgment by Magnolia Regional Medical Center. (Doty, Dustin) (Entered: 01/30/2026) |
| 01/30/2026 | 132 | STATEMENT OF FACTS in support of 130 MOTION for Summary Judgment by Magnolia Regional Medical Center. (Attachments: # 1 Exhibit)(Doty, Dustin) (Entered: 01/30/2026) |
| 01/30/2026 | 133 | MOTION for Summary Judgment by Emergency Staffing Solutions, Phillip Pace. (Attachments: # 1 Exhibit ESS – MRMC Contract, # 2 Exhibit Pace ESS Physician Agreement, # 3 Exhibit Dr. Pace's deposition transcript, # 4 Exhibit Dr. Charash's deposition transcript, # 5 Exhibit Dr. Venters's deposition transcript)(Krieger, Lane) (Entered: 01/30/2026) |
| 01/30/2026 | 134 | MEMORANDUM BRIEF in Support of 133 MOTION for Summary Judgment by Emergency Staffing Solutions, Phillip Pace. (Krieger, Lane) (Entered: 01/30/2026) |
| 01/30/2026 | 135 | STATEMENT OF FACTS in support of 133 MOTION for Summary Judgment by Emergency Staffing Solutions, Phillip Pace. (Krieger, Lane) (Entered: 01/30/2026) |
| 01/30/2026 | 136 | MOTION for Summary Judgment by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose. (Owens, Jason) (Entered: 01/30/2026) |
| 01/30/2026 | 137 | MEMORANDUM BRIEF in Support of 136 MOTION for Summary Judgment by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose. (Owens, Jason) (Entered: 01/30/2026) |
| 01/30/2026 | 138 | STATEMENT OF FACTS in support of 136 MOTION for Summary Judgment by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose. (Attachments: # 1 Exhibit Ex 1 – Martin Affidavit, # 2 Exhibit Ex 2 – Loe Affidavit, # 3 Exhibit Ex 3 – Hulet Affidavit, # 4 Exhibit Ex 4 – Mosley Deposition, # 5 Exhibit Ex 5 – Guise Deposition, # 6 Exhibit Ex 6 – Rose Deposition, # 7 Exhibit Ex 7 – Pappas Report, # 8 Exhibit Ex 8 – Autopsy Report, # 9 Exhibit Ex 9 – Ambulance Records)(Owens, Jason) (Entered: 01/30/2026) |
| 02/02/2026 | 139 | **ORDER granting 129 Motion for Extension of Time to File Dispositive Motions. The new deadline is 02/09/2026. Signed by District Judge Susan O Hickey on February 2, 2026. (bjb) (Entered: 02/02/2026)** |
| 02/04/2026 | 140 | MOTION for Extension of Time to File Response/Reply as to 130 MOTION for Summary Judgment , 136 MOTION for Summary Judgment , 133 MOTION for Summary Judgment by Randy DeWayne Rogers. (Powers, Regina) (Entered: 02/04/2026) |
| 02/04/2026 | 141 | RESPONSE IN SUPPORT OF Motion re 140 MOTION for Extension of Time to File Response/Reply as to 130 MOTION for Summary Judgment , 136 MOTION for Summary Judgment , 133 MOTION for Summary Judgment filed by Magnolia |

| | | |
|---|---|---|
| | | Regional Medical Center. (Doty, Dustin) (Entered: 02/04/2026) |
| 02/05/2026 | 142 | MOTION for Summary Judgment by County Facility Healthcare of Arkansas, LLC, Darryl Elkins. (Newell, C.) (Entered: 02/05/2026) |
| 02/05/2026 | 143 | MEMORANDUM BRIEF in Support of 142 MOTION for Summary Judgment by County Facility Healthcare of Arkansas, LLC, Darryl Elkins. (Newell, C.) (Entered: 02/05/2026) |
| 02/05/2026 | 144 | STATEMENT OF FACTS in support of 142 MOTION for Summary Judgment by County Facility Healthcare of Arkansas, LLC, Darryl Elkins. (Attachments: # 1 Excerpts from Elkin Deposition, # 2 Excerpts from Homer Venters M.D. Deposition, # 3 Arkansas State Crime Lab Autopsy Report)(Newell, C.) (Entered: 02/05/2026) |
| 02/05/2026 | 145 | CLERKS NOTICE OF RECEIPT OF USB or Flashdrive filed by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose and relates to 138 Statement of Facts. The Document/Flashdrive will be held in the Fort Smith office. (tmc) (Entered: 02/05/2026) |
| 02/09/2026 | 146 | **ORDER granting in part and denying in part 140 Motion for Extension of Time to File Response to any Motion for Summary Judgment to March 2, 2026. Signed by District Judge Susan O Hickey on February 9, 2026. (mbm) (Entered: 02/09/2026)** |
| 03/02/2026 | 147 | RESPONSE IN OPPOSITION TO Motion re 130 MOTION for Summary Judgment *by Defendant MRMC* filed by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 148 | RESPONSE by Randy DeWayne Rogers re 132 Statement of Facts *by Defendant MRMC*. (Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 149 | STATEMENT OF FACTS in support of 147 Response to Motion *PLAINTIFFS STATEMENT OF ADDITIONAL FACTS IN RESPONSE TO DEFENDANT MRMCS MOTION FOR SUMMARY JUDGMENT* by Randy DeWayne Rogers. (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29)(Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 150 | RESPONSE IN OPPOSITION TO Motion re 133 MOTION for Summary Judgment *by Defendants ESS and Pace* filed by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 151 | RESPONSE by Randy DeWayne Rogers re 135 Statement of Facts *by Defendants ESS and Pace*. (Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 152 | STATEMENT OF FACTS in support of 150 Response to Motion *PLAINTIFF'S RESPONSE TO DEFENDANTS' ESS AND PACE'S MOTION FOR SUMMARY JUDGMENT* by Randy DeWayne Rogers. (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 |

| | | |
|---|---|---|
| | | Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29)(Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 153 | RESPONSE IN OPPOSITION TO Motion re 136 MOTION for Summary Judgment *by Separate County Defendants* filed by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/02/2026) |
| 03/02/2026 | 154 | RESPONSE by Randy DeWayne Rogers re 138 Statement of Facts,, *by Separate County Defendants*. (Powers, Regina) (Entered: 03/02/2026) |
| 03/03/2026 | 155 | STATEMENT OF FACTS in support of 153 Response to Motion *PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF RESPONSE TO SEPARATE COUNTY DEFENDANTS MOTION FOR SUMMARY JUDGMENT* by Randy DeWayne Rogers. (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37)(Powers, Regina) (Entered: 03/03/2026) |
| 03/03/2026 | 156 | RESPONSE IN OPPOSITION TO Motion re 142 MOTION for Summary Judgment *by Defendants Elkin and CFHA* filed by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/03/2026) |
| 03/03/2026 | 157 | RESPONSE by Randy DeWayne Rogers re 144 Statement of Facts, *by Defendants Elkin and CFHA*. (Powers, Regina) (Entered: 03/03/2026) |
| 03/03/2026 | 158 | STATEMENT OF FACTS in support of 156 Response to Motion *PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF RESPONSE TO DEFENDANTS ELKIN AND CFHA MOTION FOR SUMMARY JUDGMENT* by Randy DeWayne Rogers. (Attachments: # 1 Exhibit Index, # 2 Errata 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18)(Powers, Regina) (Entered: 03/03/2026) |
| 03/03/2026 | 159 | MOTION for Leave to *File Instanter* by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/03/2026) |
| 03/04/2026 | 160 | **ORDER granting 159 Motion for Leave to File Instanter. Signed by District Judge Susan O Hickey on March 4, 2026. (mbm) (Entered: 03/04/2026)** |
| 03/05/2026 | 161 | CLERKS NOTICE OF RECEIPT OF USB or Flashdrive filed by Randy DeWayne Rogers and relates to 152 Statement of Facts, 149 Statement of Facts, 158 Statement of Facts, 155 Statement of Facts. The Flashdrive will be held in the Fayetteville office. (mbm) (Entered: 03/05/2026) |
| 03/09/2026 | 162 | MOTION of Maria Makar to Withdraw as Attorney by Randy DeWayne Rogers. (Powers, Regina) (Entered: 03/09/2026) |
| 03/09/2026 | 163 | REPLY to Response to Motion re 136 MOTION for Summary Judgment filed by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose. (Attachments: # 1 Exhibit Ex 1 – Charash Deposition, # 2 Exhibit Ex |

| | | |
|---|---|---|
| | | 2 – Hua Report, # 3 Exhibit Ex 3 – Hua Deposition)(Owens, Jason) (Entered: 03/09/2026) |
| 03/09/2026 | 164 | REPLY to Response to Motion re 142 MOTION for Summary Judgment filed by County Facility Healthcare of Arkansas, LLC, Darryl Elkins. (Newell, C.) (Entered: 03/09/2026) |
| 03/09/2026 | 165 | RESPONSE by County Facility Healthcare of Arkansas, LLC, Darryl Elkins re 158 Statement of Facts,, . (Newell, C.) (Entered: 03/09/2026) |
| 03/09/2026 | 166 | REPLY to Response to Motion re 133 MOTION for Summary Judgment filed by Emergency Staffing Solutions, Phillip Pace. (Schmidt, Becca) (Entered: 03/09/2026) |
| 03/09/2026 | 167 | REPLY to Response to Motion re 130 MOTION for Summary Judgment filed by Magnolia Regional Medical Center. (Attachments: # 1 Exhibit)(Doty, Dustin) (Entered: 03/09/2026) |
| 03/13/2026 | 168 | **ORDER granting 162 Motion to Withdraw as Attorney. Attorney Maria Makar withdrawn and the Clerk of Court is directed to remove his/her name from the list of attorneys who receive Notices of Electronic Filing in this case. Signed by District Judge Susan O Hickey on March 13, 2026. (mbm) (Entered: 03/13/2026)** |
| 04/10/2026 | 169 | **ORDER granting 130 Magnolia Regional Medical Center's Motion for Summary Judgment. All claims against MRMC are DISMISSED WITH PREJUDICE. Signed by District Judge Susan O Hickey on April 10, 2026. (mbm) (Entered: 04/10/2026)** |
| 04/10/2026 | 170 | **ORDER granting 133 Separate Defendants Emergency Staffing Solutions and Dr. Phillip Pace's Motion for Summary Judgment. All claims against ESS and Dr. Pace are DISMISSED WITH PREJUDICE. Signed by District Judge Susan O Hickey on April 10, 2026. (mbm) Modified on 4/13/2026 to add unabreviated entity name (mbm). (Entered: 04/10/2026)** |
| 04/14/2026 | 171 | MOTION to Continue Trial Date by Randy DeWayne Rogers. (Powers, Regina) (Entered: 04/14/2026) |
| 04/20/2026 | 172 | **ORDER granting 171 Motion to Continue. The case is moved from the previous trial setting of 6/8/2026. Jury Trial set for 10/5/2026 09:00 AM in El Dorado –– 2nd flr before District Judge Susan O Hickey. Signed by District Judge Susan O Hickey on April 20, 2026. (mbm) Modified on 4/21/2026 to correct trial location only (mbm). (Entered: 04/20/2026)** |
| 05/12/2026 | 173 | **ORDER granting in part and denying in part 136 Motion for Summary Judgment. See Order for Specifics. Signed by District Judge Susan O Hickey on May 12, 2026. (tls) (Entered: 05/12/2026)** |
| 05/12/2026 | 174 | **ORDER 142 Motion for Summary Judgment GRANTED IN PART. Plaintiffs § 1983 claims, medical malpractice claim, and wrongful death claim against Separate Defendants Elkin and CFHA are DISMISSED WITH PREJUDICE. Signed by District Judge Susan O Hickey on May 12, 2026. (tls) (Entered: 05/12/2026)** |
| 05/22/2026 | 175 | NOTICE OF INTERLOCUTORY APPEAL as to 173 Order on Motion for Summary Judgment by Columbia County, Jesse Guise, Matthew Hulet, Michael Loe, Mark Moseley, Aaliyah Rose. Filing fee $ 605, receipt number AARWDC–3374473. (Owens, Jason) (Entered: 05/22/2026) |

| 05/26/2026 | 176 | RESPONSE by Randy DeWayne Rogers re 174 Order on Motion for Summary Judgment, *Briefing on ACRA Claims*. (Powers, Regina) (Entered: 05/26/2026) |
| 05/29/2026 | 177 | NOA SUPPLEMENT FORM re 175 Notice of Interlocutory Appeal filed by Matthew Hulet, Jesse Guise, Aaliyah Rose, Mark Moseley, Columbia County, Michael Loe. (mjm) (Entered: 05/29/2026) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RANDY DEWAYNE ROGERS, as Administrator
of the Estate of Randy James Rogers, and on his
own behalf                                                                        PLAINTIFF

v.                                            Case No. 1:24-cv-1036

COLUMBIA COUNTY; MICHAEL LOE,
MATTHEW HULET; AALIYAH ROSE;
JESSE GUISE; MARK MOSLEY; COUNTY
FACILITY HEALTHCARE OF ARKANSAS,
LLC; DARRELL ELKIN; and NURSE
CASSANDRA                                                                  DEFENDANTS

**<u>ORDER</u>**

Before the Court is Separate Defendants Columbia County, Michael Loe, Matthew Hulet, Aaliyah Rose, Jessie Guise, and Mark Mosley's[1] (collectively "County Defendants") Motion for Summary Judgment.  ECF No. 136.  Plaintiff has responded.  ECF No. 153.  County Defendants have replied.  ECF No. 163.  The Court finds the matter ripe for consideration.

**I. BACKGROUND**[2]

On May 20, 2022, Plaintiff's father, Randy James Rogers ("Rogers"), entered the Columbia County Detention Center ("CCDC") as an inmate or detainee.[3]  Rogers had a history of heart issues, which included a heart attack in April 2022 and coronary stents implanted as a result.  Shortly before 2:30 a.m. on July 8, 2022, Rogers fell from his bunk in his holding pod and suffered a laceration to his head.  As CCDC staff responded to this incident, Rogers informed them that he

---

[1] Defendant Mosley's name is spelled various ways between the Complaint and other filings relevant to the instant motion.  The Court will use the spelling from Mosley's deposition transcript.  ECF No. 155-16.

[2] The Court derives this abbreviated factual background from the record-supported and uncontroverted facts within County Defendants' Statement of Facts (ECF No. 138), Plaintiff's Statement of Additional Facts (ECF No. 155), and elsewhere in the record.

[3] County Defendants assert that Rogers was a convicted inmate of the Arkansas Division of Correction during his time in the CCDC.  ECF No. 137, p. 11.  County Defendants provide no evidence to confirm that assertion.

was also experiencing chest and neck pains. CCDC Seargent Stephanie Ingle then called Defendant Matthew Hulet ("Hulet")—who was jail administrator for the CCDC at the time— regarding the situation. Seargent Ingle then arranged for Bailiff Tina Robinson ("Bailiff Robinson") to come to the CCDC and take Rogers to Magnolia Regional Medical Center ("MRMC"). Bailiff Robinson subsequently transported Rogers to MRMC's emergency room for treatment.

Rogers returned to the CCDC from MRMC at approximately 6:36 a.m. Prior to Rogers's return, a new shift started at the CCDC at 5:30 a.m. This new shift included Defendants Jessie Guise ("Guise") and Mark Mosley ("Mosley") who were working as jailors at the CCDC. At approximately 7:30 a.m., other detainees alerted staff to Rogers allegedly having a nosebleed. Guise then escorted Rogers to the CCDC medical room. Mosley saw Guise escorting Rogers and followed them to the medical room. Rogers told them his chest hurt, that he was having trouble breathing, and that he thought he was having a heart attack. Either Guise or Mosley took Rogers's blood pressure and provided him with a prescription Albuterol inhaler to alleviate his breathing issues. The Albuterol did not alleviate Rogers's symptoms and his breathing continued to worsen.

Approximately ten minutes after Guise took Rogers into the medical room, Defendant Seargent Aaliyah Rose ("Seargent Rose") arrived in the medical room after becoming aware of the situation. Rogers told her of his chest pains and difficulty breathing and repeated his belief that he was having a heart attack. Seargent Rose texted Hulet at 7:41 a.m. to inform him of the situation and conveyed Rogers's symptoms and belief that he was having a heart attack. Seargent Rose and Hulet subsequently spoke via phone and Hulet suggested that Seargent Rose attempt to contact the on-call contracting nurse Cassandra Hutts. Seargent Rose called Cassandra Hutts but she did not answer. Seargent Rose left Nurse Hutts a voicemail informing her of Rogers's

symptoms, stating that Rogers had already been given two aspirin, and stating that she did not know if Rogers could be given one of his nitroglycerin pills if they could find them. Present staff eventually located the nitroglycerin and gave one to Rogers at approximately 7:51 a.m. Rogers's breathing continued to deteriorate and he told present staff that he could not breathe.

Rose called Hulet again at approximately 7:56 a.m. regarding Rogers's situation. Someone at the CCDC called for an ambulance at approximately 7:57 a.m. Around the time the ambulance was called, Guise took Rogers outside to wait on the ambulance. At this point, Rogers was no longer speaking and could be observed taking labored and wheezing breaths. The ambulance arrived at the CCDC at approximately 8:10 a.m. Rogers was unresponsive upon its arrival. The emergency staff attempted treatment at the CCDC before transporting Rogers to MRMC. Rogers was pronounced dead shortly after arriving at MRMC.

On June 13, 2024, Plaintiff filed this action against all Defendants, bringing claims pursuant to 42 U.S.C. § 1983 and Arkansas law. ECF No. 2. At least one of the County Defendants is named in all six claims. Claim One is pursuant to § 1983 and is brought against Hulet, Seargent Rose, Guise, and Mosley in their individual capacity for alleged deliberate indifference to Rogers's serious medical needs. Claim Two is pursuant to § 1983 and is brought against Defendant Columbia County and Defendants former Sheriff Michael Loe ("Sheriff Loe") and Hulet in their official capacity for alleged deliberate indifference to Rogers's serious medical needs.[4] Claim Three is pursuant to Article 2, Section 21 of the Arkansas Constitution and alleges that County Defendants denied Rogers his rights under the Arkansas Constitution by being deliberately indifferent to his medical needs. Claim Four alleges that Hulet, Seargent Rose, Guise, Mosley,

---

[4] Though Claims One and Two do not explicitly state the nature of the § 1983 claim—individual or official capacity— the language underlying Claim Two and its references to policies and customs makes the distinction between the two claims apparent. ECF No. 2, p. 15-19.

and Columbia County committed medical malpractice in the course of providing medical treatment to Rogers.  Claim Five alleges intentional infliction of emotional distress ("IIED") against Hulet, Seargent Rose, Mosley, Guise, and Columbia County through their failure to provide Rogers with necessary medical care.  Claim Six is a wrongful death survival claim against County Defendants for failing to provide Rogers with necessary medical care.

On January 30, 2026, County Defendants filed the instant motion seeking summary judgment, along with their brief in support and statement of material facts.  ECF Nos. 136, 137, & 138.  Broadly, County Defendants argue that they are entitled to qualified immunity on the individual capacity § 1983 claim, that Plaintiff cannot establish his official capacity § 1983 claim, that the Arkansas Constitutional claim necessarily fails with the § 1983 claims, and that they have statutory immunity from the Arkansas tort claims.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted).  Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case.  *See id.* at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party.  *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving

4

party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of the motion.  *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### III. DISCUSSION

#### A. § 1983 Claims

A claim pursuant to § 1983 requires a plaintiff to show "the violation of a right secured by the Constitution and laws of the United States" by "a person acting under color of state law." *Mohamud v. Weyker*, 144 F.4th 1099, 1103 (8th Cir. 2025) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Plaintiff brings two separate claims pursuant to § 1983.  Claim One is against Hulet, Seargent Rose, Guise, and Mosley in their individual capacity, which is for "personal liability for individual actions by officials in the course of their duties[.]"  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).  Claim Two is against Defendant Columbia County and Defendants Sheriff Loe and Hulet in their official capacity, which is "equivalent to [a] claim[] against the entity for which [they] work[.]"  *Id*.  Thus, Claim Two against Sheriff Loe and Hulet is functionally a claim against only Columbia County.  *See id*.  The parties do not dispute that the individual County

Defendants were acting under color of law at the time relevant to this action. The Court will separately address each claim below.

### 1. Claim One – Individual Capacity

Claim One alleges that Hulet, Seargent Rose, Guise, and Mosley "acted unreasonably and with deliberate indifference to . . . Rogers's serious medical needs when they failed to consistently provide him with his prescriptions, ignored his clear request for help managing his symptoms, and failed to call for appropriate outside medical care the morning of his death." ECF No. 2, p. 16. The allegation of failing to call for outside medical care is the only theory relevant to the instant motion.[5]

County Defendants argue that the Defendants named in this claim are entitled to qualified immunity. Public officials asserting a defense of qualified immunity are "immune from suit under § 1983 unless her actions violated constitutional or statutory rights that were clearly established at the time of the violation." *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021). "To defeat qualified immunity, the plaintiff has the burden to prove: '(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" *Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018) (internal quotation omitted). County Defendants assert that Plaintiff cannot satisfy either prong of this test. The Court will first address whether the record is sufficient to establish this claim before, if necessary, determining if the right allegedly violated was clearly established. *See Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012) ("Either step of the qualified immunity inquiry may be addressed first.").

---

[5] Though the Complaint includes assertions that County Defendants did not provide Rogers with his prescription medications and did not provide him with routine medical care, no evidence consistent with those assertions is apparent in the record and the parties make no arguments regarding those allegations.

### a. Constitutional Violation

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (quotation omitted). A pretrial detainee's claim regarding denial of his right to medical care under the Fourteenth Amendment is evaluated the same way as a claim brought by a convicted inmate under the Eighth Amendment. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A claim for deliberate indifference has an objective and subjective prong. *See Troupe v. Young*, 143 F.4th 955, 968 (8th Cir. 2025). The objective prong requires showing that a plaintiff "suffered from an objectively serious medical need." *Id*. at 968-69 (quotation omitted). "To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. at 969 (quotation omitted).

The subjective prong requires showing that a defendant "actually knew of, but deliberately disregarded" a serious medical need. *Cannon v. Dehner*, 112 F.4th 580, 586 (8th Cir. 2024) (quotation omitted). "Deliberate indifference is more than negligence, more even than gross negligence." *Presson v. Reed*, 65 F.4th 357, 365-66 (8th Cir. 2023) (quotation omitted). The applicable mindset is "akin to criminal recklessness[.]" *Cannon*, 112 F.4th at 587. "Grossly incompetent or inadequate care can constitute deliberate indifference but the care provided must be so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Id*. (quotation omitted). The evidence must show that the defendant "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 624 (8th Cir. 2021) (quotation omitted). "Generally, the actor manifests deliberate indifference by intentionally denying or delaying access to medical care, or

7

intentionally interfering with treatment or medication that has been prescribed." *Id*. (quotation omitted).

County Defendants argue that the record cannot demonstrate deliberate indifference on the part of any of these Defendants. ECF No. 137, p. 7-11. They first assert that Sheriff Loe cannot be liable in his individual capacity because he had not direct involvement in the events underlying this claim. This argument is irrelevant because Sheriff Loe was not named as a Defendant for this claim. County Defendants then contend that Seargent Rose, Guise, and Mosley provided prompt and escalating care to Rogers once they became aware of any issue. This included giving Rogers water, his prescription Albuterol inhaler for breathing relief, aspirin, and nitroglycerin. County Defendants note that once these treatments did not alleviate Rogers's symptoms, CCDC staff called an ambulance. They also note that Seargent Rose attempted to contact the on-call nurse regarding the situation and spoke on the phone with Hulet to discuss Rogers. County Defendants contend that this sequence of events cannot demonstrate a reckless disregard for Rogers's medical needs that is necessary to establish this claim. They add that these Defendants could not have known of the mix of medical issues that the autopsy concluded were the actual cause of Rogers's death, such as a ruptured cervical tendon.

In response, Plaintiff argues that the record is sufficient to demonstrate that these Defendants were deliberately indifferent to Rogers's serious medical needs from the first moments they observed him and delayed calling an ambulance. ECF No. 153, p. 14-21. As to Seargent Rose, Plaintiff emphasizes that the record shows she had clear knowledge of Rogers's heart issues, she observed him having trouble breathing and complaining of chest pains, and she directly heard Rogers state that he believed he was having a heart attack. Plaintiff contends that the record shows Guise and Mosley observed the same symptoms and heard the same statements as Seargent Rose

while also having been informed at the beginning of their shift that Rogers was taken to MRMC earlier that morning with complaints of chest pains.  For Hulet, Plaintiff notes Seargent Rose informed him of the situation when she texted him at 7:41 a.m. and they spoke on the phone immediately after, but he never directed Seargent Rose to call an ambulance and did not call for one himself.  Plaintiff maintains that this record is sufficient for a jury to find that each of these Defendants were aware that Rogers needed outside emergency medical treatment within the first moments of observing him or being informed of his circumstances yet inexplicably delayed calling for that help.  As to proximate cause, Plaintiff asserts that these Defendants did not need to have clear medical knowledge of what was affecting Rogers to know that he needed medical care they could not provide.  ECF No. 153, p. 23-24.  Plaintiff also attempts to dispute whether Sheriff Loe can be personally liable even though Plaintiff never named Sheriff Loe as a Defendant for this claim.  ECF No. 153, p. 21-23.  In reply, County Defendants reiterate their prior argument that the aid these Defendants gave to Rogers that morning should preclude any finding that they were indifferent to his medical needs.[6]  ECF No. 163, p. 5-10.

The Court finds that the factual record is sufficient to create a genuine question of fact as to whether these Defendants acted with deliberate indifference to Rogers's serious medical need.  As to the objective prong, County Defendants do not appear to contest that Rogers suffered from an objectively serious medical need on July 8, 2022.  Further, a detainee with heart issues who displays symptoms of a heart attack can be seen as suffering from an objectively serious medical need.  *Plemmons v. Roberts*, 439 F.3d 818, 823-23 (8th Cir. 2006).  Uncontested evidence in the

---

[6] County Defendants also request that the testimony one of Plaintiff's experts, Dr. Bruce Charash, be excluded because it provides an opinion of Rogers's cause of death that allegedly contradicts the opinion of Plaintiff's other expert witness.  ECF No. 163, p. 1-2.  County Defendants rely on *Cole v. Homier Distrib. Co.*, 599 F.3d 856 (8th Cir. 2010) for the assertion that a party cannot present contradictory experts.  However, that decision addressed an affidavit submitted in opposition to a motion for summary judgment that contradicted prior sworn testimony.  *See Cole*, 599 F.3d at 867.  Those are not the circumstances here, and the Court will not exclude or decline to consider Dr. Charash's opinion evidence on that basis.

record shows Rogers having such history and displaying such symptoms. Thus, the objective prong of this claim is satisfied.

Next, viewing the record in the light most favorable to Plaintiff, there is a genuine question as to whether these Defendants acted with deliberate indifference by not calling an ambulance when they first observed or learned about Rogers's symptoms and statements. First, there is evidence in the record that could demonstrate that each Defendant had prior knowledge of Rogers's heart issues or were informed that Rogers was transported to MRMC with reports of chest pain earlier in the day. Seargent Rose testified in her deposition that she had knowledge of Rogers's issues through his medical file and his prior visit to Arkansas Heart Hospital. ECF No. 155-4, p. 44 ("Rose Depo."). Hulet testified that he knew prior to this incident that Rogers took nitroglycerin pills for heart issues. ECF No. 155-10, pp. 28-29, 67-68 ("Hulet Depo."). The outgoing CCDC shift would give a briefing to the incoming shift about issues that transpired during their shift. ECF No. 155-17, pp. 13-14, 16. Guise testified that he attended this meeting at the start of his shift on July 8, 2022, and faintly remembers being informed that Rogers went to MRMC with heart or chest pains. ECF No. 155-15, pp. 13, 55 ("Guise Depo."). Mosley attended the same pre-shift meeting as Guise and recalls being informed that Rogers went to MRMC with chest pains. ECF No. 155-16, p. 28-29 ("Mosley Depo."). Additionally, Guise's post-incident report states that he heard Rogers inform Seargent Rose of his prior heart attack in April 2022. ECF No. 138-1, p. 10.

Second, in light of their potential knowledge of Rogers's heart issues, the record can demonstrate that each of these Defendants knew Rogers required emergency care upon witnessing his symptoms and hearing him state that he thought he was having a heart attack. Mosley testified that he heard Rogers complain of chest pain and ask for his medication as Guise escorted Rogers to the medical room. Mosley Depo. at 27. Mosley testified that after he followed Guise and

Rogers into the medical room, he witnessed Rogers have trouble breathing, complain of chest pain, and state that he thought he was having a heart attack. Mosley Depo. at 29-30. Either Guise or Mosley recorded taking Rogers's blood pressure at 7:30 a.m., suggesting that they had full knowledge of these complaints around that time. ECF No. 155-38. There is no indication from Guise's deposition or Mosley's body camera footage (ECF No. 155-25 "Mosley Body Cam.") that Guise left the medical room until he later escorted Rogers outside to wait for the ambulance, which suggests Guise witnessed the same symptoms and heard the same complaints as Mosley. Seargent Rose's post-incident statement asserts that she texted Hulet at 7:41 a.m. and informed him that Rogers had wheezing breaths and stated that he thought he was having a heart attack. ECF No. 155-26 ("Rose Statement"). Seargent Rose testified that she knew that Rogers probably needed to go to the hospital at that time. Rose Depo. at 120-21. Guise testified that he believed an ambulance should have been called sooner and that Rogers's earlier visit to MRMC demonstrated that he needed help "right away." Guise Depo. at 58, 65. Mosley similarly testified that he believed an ambulance should have been called earlier. Mosley Depo. at 45. Seargent Rose, Guise, and Mosley testified that they thought Rogers was being truthful about his symptoms. Rose Depo. at 65; Guise Depo. at 75-76; Mosley Depo. at 72.

The situation these facts can illustrate—a detainee with known heart issues displaying classic signs of a heart attack and jailers delay seeking necessary emergency medical care—is sufficient to establish deliberate indifference. *See Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862-63 (8th Cir. 2006) (finding record sufficient to establish deliberate indifference when it showed delay by jailers in providing medical care to inmate with heart issues who complained of chest pain had difficulty breathing); *and see Plemmons*, 439 F.3d at 824-25 (finding record sufficient to establish deliberate indifference when jailers delayed calling an ambulance for a

11

detainee with known heart issues who was displaying classic heart attack symptoms and stating he believed he was having a heart attack).  County Defendants' emphasis on the steps taken to treat Rogers before calling an ambulance is unavailing.  A fact finder could conclude that each of these Defendants had enough information by 7:41 a.m.—or 7:30 a.m. in the case of Guise and Mosley— to know that Rogers needed emergency care that he could not receive at the CCDC.  Moreover, a fact finder could conclude that providing other treatments in the absence of a call for an ambulance was "so inappropriate as to evidence . . . a refusal to provide essential care."  *Cannon*, 112 F.4th at 587.  Lastly, Plaintiff has presented expert opinion from Dr. Bruce Charash that asserts Rogers would have survived if emergency medical aid arrived sooner.  ECF No. 155-29, p. 9-12.

Accordingly, Plaintiff has presented facts sufficient to establish that Hulet, Seargent Rose, Guise, and Mosley were deliberately indifferent to Rogers's serious medical need by delaying a call for an ambulance.  The Court must now determine if the right these Defendants allegedly violated was clearly established at the time.

### b. Clearly Established Right

"For qualified-immunity purposes, rights are not defined at a broad level of generality." *Perry*, 993 F.3d at 587.  "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent."  *Graham v. Barnette*, 5 F.4th 872, 887 (8th Cir. 2021) (quotation omitted).  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'"  *Boudoin v. Harsson*, 962 F.3d 1034, 1039 (8th Cir. 2020) (internal quotation omitted).  However, a plaintiff does not need to show "a case directly on point"—it suffices to "point to existing circuit precedent

12

that involves sufficiently 'similar facts' to 'squarely govern'" an official's alleged actions. *Id*. at 1040 (internal quotations omitted).

Though County Defendants assert that Plaintiff cannot show the violation of a clearly established right, they do not coherently separate their attacks on the factual sufficiency of the claim and their assertion that the right allegedly violated was not clearly established. As best the Court can discern, County Defendants rely upon the Eighth Circuit's decision in *Ruark v. Drury*, 21 F.3d 213 (8th Cir. 1994) for this prong of qualified immunity. ECF No. 137, p. 10-11. County Defendants content that the *Ruark* court determined that a twenty-minute delay by detention center staff in calling for an ambulance for a detainee once they realized there was a medical emergency could not establish a constitutional violation. County Defendants read that decision as demonstrating that there could not be any notice that the alleged delay in medical care underlying Claim One forms a violation of a clearly established right. In response, Plaintiff cites *Ryan v. Armstrong*, 850 F.3d 419 (8th Cir. 2017) as support for the position that the Eighth Circuit has long held that detainees have a right to emergency medical care. ECF No. 153, p. 30. In reply, County Defendants again rely on *Ruark* to argue that the Eighth Circuit has held that far less aid to a detainee during an emergency could not create a violation of a constitutional right. ECF No. 163, p. 7-8.

The Court finds that the right Plaintiff alleges was violated was clearly established. Broadly, Plaintiff is correct that the Eighth Circuit has "deemed it clearly established by 2008 that a pretrial detainee . . . has a right to be free from deliberately indifferent denials of emergency medical care." *Ryan*, 850 F.3d at 427. More specifically, the Eighth Circuit held as far back as 2006 that any reasonable officer would understand that they violate a detainee's constitutional right when they delay in providing "prompt, appropriate medical care" to a detainee with known

13

heart issues who presents with classic heart attack symptoms. *See Plemmons*, 439 F.3d at 825; *and see Gordon ex rel.*, 454 F.3d at 863 ("A reasonable officer would know that it is unlawful for officers to delay medical treatment for an inmate with obvious signs of medical distress, especially one who communicates this distress directly to officers."). Thus, existing precedent rendered the "contours" of Rogers's right to medical treatment "sufficiently clear" that any reasonable officer would know that the alleged delay of necessary emergency medical care for Rogers violated his constitutional rights. *Boudoin*, 962 F.3d at 1039.

Plaintiff has presented facts sufficient to show the violation of Rogers's clearly established right to medical care. Consequently, County Defendants' request for qualified immunity and summary judgment for Claim One must be denied. *See Perry*, 993 F.3d at 587.

### 2. Claim Two – Official Capacity & Official Policy

Claim Two asserts that the allegedly unconstitutionally delay of medical treatment for Rogers on July 8, 2022, "was the proximate cause of the policies and widespread practices of Columbia County . . . regarding the provision of medical care to people detained at the CCDC." ECF No. 2, p. 16. The Court presumes that Plaintiff meant to allege that the policies and practices proximately caused Rogers's death. The only distinct policy articulated by Plaintiff that could be relevant to the instant motion is Columbia County's alleged policy of not permitting CCDC staff to call an ambulance for a detainee without prior approval from an administrative supervisor. *Id*. at p. 17-19. Plaintiff also adds the broad allegation that Columbia County "directly encouraged the very type of misconduct at issue in this case, failed to provide adequate training and supervision of healthcare and correctional employees, and failed to adequately punish and discipline prior instances of similar misconduct." *Id*. at p. 18.

### a. Sovereign Immunity

County Defendants first argue that they are entitled to Sovereign Immunity for this claim because Columbia County was performing a function for the State of Arkansas at the time relevant to this action.  ECF No. 137, p. 11-15.  County Defendants assert that Rogers was serving an Arkansas Department of Correction ("ADC") sentence at the time.  They then argue that the decision in *McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1997) indicates that such a situation confers Eleventh Amendment sovereign immunity upon Columbia County and bars any § 1983 claims against it.  In response, Plaintiff notes that the *McMillian* opinion dealt with Alabama law, that the Eighth Circuit has not applied its reasoning to counties in this circuit, and that the Eastern District of Arkansas recently rejected this exact argument in *Heard v. Ass'n of Ark. Cnty. Risk Mgmt. Fund*, No. 4:24-cv-00325 KGB, 2025 WL 2783801 (E.D. Ark. Sept. 30, 2025).  ECF No. 153, p. 31-32.  In reply, County Defendants reiterate their assertion that applying the principles outlined in *McMillian* necessarily results in finding that counties undertaking law enforcement and related detention actions are functioning as an arm of the state and are entitled to sovereign immunity.  ECF No. 163.

The Court is not persuaded by this novel argument and defers to the analysis of the Eastern District of Arkansas in *Heard*:

> In *McMillian*, the Court noted that sovereign immunity was a "question of state law," and after interpreting the Alabama Constitution, the Court held that the Monroe County Sheriff was entitled to Alabama sovereign immunity because he represented the state, not the county, when executing his law enforcement duties. *McMillian*, 520 U.S. at 786, 793. Although County Defendants argue that, under Arkansas law, the reasoning in *McMillian* should extend to Arkansas sheriffs, (Dkt. No. 35, at 10–13), the Arkansas Supreme Court has yet to speak on this issue. As it currently stands under Arkansas law, Jefferson County and its employees are distinct from the state and its employees. *See Dermott Special Sch. Dist. v. Johnson*, 32 S.W.3d 477, 480 (Ark. 2000). As a political division, Jefferson County is similar to the school district in *Dermott*, which the Arkansas Supreme Court held was not "shielded from suit by constitutional sovereign immunity." 32 S.W.3d at 481; *see*

> *also Granger v. Pulaski Cnty.*, 26 Ark. 37 (1870), *overruled on other grounds by Par. v. Pitts*, 429 S.W.2d 45 (Ark. 1968) ("Counties are a political division of the State government, organized as part and parcel of its machinery, like townships, school districts, and kindred subdivisions."). Therefore, County Defendants are not entitled to summary judgment in their favor on their claim of state sovereign immunity.

2025 WL 2783801 at *30.  The Court is satisfied with that analysis.  County Defendants' attempt to dispute that reasoning is not nearly persuasive and compelling enough for this Court to rule that § 1983 litigation against county-level law enforcement has functionally ended in Arkansas.  County Defendants' request for summary judgment on this basis is denied.

### b. Official Policy – Ambulance Approval

County Defendants' do not address the alleged policy of CCDC staff needing supervisory approval prior to calling an ambulance for a detainee.  Rather, they tersely assert that Plaintiff has not presented evidence sufficient to satisfy the elements of such a claim and refer to Sheriff Loe's[7] affidavit (ECF No. 138-1) and attached CCDC medical policy as proof that there were constitutionally adequate policies in place.  ECF No. 136, p. 16.  In response, Plaintiff contends that there is evidence demonstrating that a policy existed within the CCDC at the time requiring staff to get administrative supervisory approval prior to being allowed to call an ambulance for a detainee.  ECF No. 153, p. 26-27.  Plaintiff cites Mosley and Guise's deposition statements that they believed they were prohibited from calling an ambulance without supervisory approval.  Plaintiff also notes that Seargent Rose's post-incident report states that she called Hulet again to get approval to call an ambulance and that Hulet testified in his deposition that staff were required to call administration to inform them of any ambulance call.  Plaintiff also contends that there is sufficient evidence to establish that this policy caused CCDC staff to delay calling for necessary

---

[7] Though County Defendants state that the health policy is attached to former Sheriff Loe's affidavit, it is attached to current Columbia County Sheriff Leroy Martin's affidavit.  138-1, p. 15-20.

16

emergency aid, such as Mosley's statement that that he did not call an ambulance sooner because of this policy.  In reply, County Defendants flatly deny any such policy existed and argue that any such policy would nevertheless be irrelevant because no staff member asked for such permission or was denied such permission.  ECF No. 163, p. 11.

"Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quotations omitted).  An official-capacity suit against an individual is functionally a suit against the entity who employs that individual or for the entity which that individual is an agent.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016).  Such a claim must prove that the entity itself caused the alleged constitutional violation through its policy or customs.  *See Schaffer*, 842 F.3d at 596 (citations omitted).  A policy is "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).  An unofficial custom is a "continuing, widespread, persistent pattern" of unconstitutional conduct for which policymakers are deliberately indifferent to or give tacit authorization despite having notice of the conduct.  *Id*. (quotation omitted).  There must be a "causal link" between the targeted policy or custom and the alleged constitutional violation such that it is the "moving force" behind the violation.  *Marsh v. Phelps Cnty.*, 902 F.3d 745, 752 (8th Cir. 2018) (quotations omitted).

The Court finds that the record is sufficient to establish a claim against Columbia County regarding its alleged policy of requiring CCDC staff to obtain administrative supervisory approval before calling an ambulance for detainees.  An investigative report for a prior detainee death in

17

CCDC months earlier indicates that two separate jailers believed that any request for outside medical care needed to go through the current jail administrator.  ECF No. 155-33, p. 2-3.  Seargent Rose's post-incident report states that she called Hulet "to get the okay" to call an ambulance for Rogers.  ECF No. 155-26.  Hulet's post-incident report similarly states that Seargent Rose called him to seek permission to call an ambulance for Rogers.  ECF No. 138-1, p. 3.  Guise's deposition testimony indicates that he believed supervisory approval was necessary before an ambulance could be called.  Guise Depo. at 58, 91-92.  Mosely expressed the same general belief in his deposition.  Mosely Depo. at 41-44, 56.  Thomas Frisby—who was working a shift as a jailer at CCDC during Rogers's initial fall and transport to the MRMC in the early hours of July 8, 2022— testified that he believed there was a rule requiring supervisor approval before calling for an ambulance for a detainee.  155-8, p. 16-17.

There is also sufficient evidence to show that this policy resulted in the alleged deprivation of Rogers's right to medical care.  Mosley testified that the policy is the only reason he would not have called an ambulance himself.  Mosley Depo. at 56.  Guise testified that he believed an ambulance was needed earlier than when it was called but that the need for supervisory approval prevented him from doing so himself.  Guise Depo. at 58, 91-91.  Plaintiff has presented expert testimony that Rogers would have survived if an ambulance had arrived sooner.  ECF No. 155-29, p. 9-12.  Viewing this evidence in the light most favorable to Plaintiff, a fact finder could conclude that the policy requiring supervisor approval to call an ambulance was causally connected to and the "moving force" behind the alleged denial of medical care for Rogers.  *Marsh*, 902 F.3d at 752.  Accordingly, the Court finds that Plaintiff has established this dimension of his § 1983 claim against Columbia County and that County Defendants are not entitled to summary judgment for Claim Two.

### c. Failure to Train, Failure to Supervise, and Unofficial Custom

County Defendants argue that even if Plaintiff is attempting to make a failure to train or supervise claim against Columbia County, the record cannot establish such a claim. ECF No. 137, p. 16-17. County Defendants assert that there is no evidence of deliberate indifference to a known training or supervision need prior to the events underlying this action. County Defendants also point to the CCDC's training policies as showing that there is nothing constitutionally inadequate about how the Columbia County trains or supervises CCDC staff or contractors.

In response, Plaintiff first argues that the record can establish that Columbia County had a custom of disregarding the health and safety of people in its custody. ECF No. 153, p. 27-29. Plaintiff mostly relies upon broader critiques of the CCDC's medical care, such as a poor medical grievance system, a pattern of lackadaisical cell checks, the lack of adequate medical screenings upon intake, and the lack of a policy for when to call a nurse. More specifically, Plaintiff asserts that Rogers would not have died if there were better policies and training regarding when staff should call for emergency medical services, the contracted health care providers, or the jail administrator. Next, Plaintiff argues that the record can establish that Columbia County failed to supervise the medical contractor for CCDC at the time, which was County Facility Healthcare Arkansas ("CFHA"). ECF No. 153, p. 29. Plaintiff contends that Sheriff Loe did not properly ensure that CFHA personnel fulfilled their contractual obligations regarding visits to CCDC or answering their phones when on call and did not set any requirement that CFHA personnel respond promptly when called. Lastly, Plaintiff argues that CCDC staff's lack of training regarding medical emergencies was so obviously inadequate that the failure to train constitutes deliberate indifference. ECF No. 153, p. 29-30. Plaintiff emphasizes the general lack of medical training CCDC staff had at the time and points to the death of Brian Hinshaw in the CCDC months earlier

19

as providing sufficient notice that training was inadequate.  In reply, County Defendants argue that Plaintiff has presented conclusory assertions of a broad disregard of health concerns that fails to demonstrate the consistent or pervasive pattern of conduct necessary to find an unofficial custom of deliberate indifference to medical needs or deliberate indifference to inadequate training and supervision.  ECF No. 163, p. 11.

The Court finds that Plaintiff has failed to establish any further § 1983 claims against Columbia County.  As to Plaintiff's attack on CCDC's medical system as a whole, there is insufficient evidence of "a continuing, widespread, persistent pattern of unconstitutional misconduct" that is required to establish an unofficial custom.  *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quotation omitted).  The only other incident of allegedly unconstitutional denial of medical care in the CCDC that Plaintiff cites is the death of Brian Hinshaw.  Presuming that the incident with Mr. Hinshaw demonstrates prior unconstitutional conduct, that one instance cannot establish a custom.  *See id*. at 802. (holding that two prior instances of a constitutional violation "cannot be considered a pattern of widespread and pervasive unconstitutional conduct").  This failure to show a pattern of prior violations applies to Plaintiff's failure to train and failure to supervise theory as well.

The analysis for a failure to train claim is the same as a failure to supervise claim.  *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998).  The issue for such claims is whether "in light of the duties assigned to specific officers or employees the need for more or different training [or supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quotation omitted); *and see Parrish v. Ball*, 594 F.3d 993, 998 (8th Cir. 2010) (noting that a failure to train claim requires

20

a plaintiff to demonstrate that the county "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.") (quotation omitted). "A pattern of similar constitutional violations by untrained" or unsupervised employees "is ordinarily necessary to demonstrate deliberate indifference[.]" *S.M.*, 874 F.3d at 585 (quotation omitted). Here, Plaintiff has put forth no evidence connecting a lack of supervision of CFHA personnel to any prior constitutional violations, foreclosing a finding that Columbia County was on notice of and deliberately indifferent to unconstitutional conduct of CFHA personnel. *See id*. Plaintiff has also failed to establish a prior pattern of constitutional violations related to a failure to train CCDC staff in medical care. Plaintiff relies on Brian Hinshaw's prior death in custody at CCDC to establish that Columbia County was aware of and disregarded its training shortcomings. Presuming that Mr. Hinshaw's death was the result of unconstitutional conduct tied to inadequate training, this single incident is insufficient to establish a "pattern" of violations necessary to show that Columbia County was deliberately indifferent to shortcomings in training. *Id*.

Consequently, Plaintiff has not established any other § 1983 claim against Columbia County beyond his claim regarding the alleged policy of requiring staff to get supervisory approval before calling an ambulance. County Defendants request for summary judgment regarding any alleged unofficial custom of Columbia County or its failure to train or supervise is granted.

**B. Arkansas Constitutional Claims**

Claim Three alleges that County Defendants violated Rogers's rights under Article 2, § 21 of the Arkansas Constitution by being deliberately indifferent to his serious medical needs when they failed to call for outside medical care on July 8, 2022. ECF No. 2, p. 19-20. The Court interprets this claim as one pursuant to the Arkansas Civil Rights Act ("ACRA"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress.

Ark. Code Ann. § 16-123-105(a).  Article 2, § 21 reads in relevant part that "[n]o person shall be taken, or imprisoned, or disseized of his estate, freehold, liberties or privileges; or outlawed, or in any manner destroyed, or deprived of his life, liberty or property; except by the judgment of his peers, or the law of the land[.]"  AR Const. Art. 2, § 21.  The Arkansas Supreme Court has noted that Article 2, Section 21 functions to "ensure that no Arkansan will be deprived of life, liberty, or property without due process of law."  *Jegley v. Picado*, 80 S.W.3d 332, 347 (Ark. 2022).  Article 2, Section 21 provides pretrial detainees with the same protections against cruel and unusual punishment that the Fourteenth Amendment due process clause does.  *See Grayson v. Ross*, 253 S.W.3d 428, 431-34 (Ark. 2007).  Therefore, ACRA claims alleging denial medical care for a pretrial detainee use the same deliberate indifference standard as § 1983 actions alleging the same.  *See id*. at 433-34; *and see City of Fayetteville v. Romine*, 284 S.W.3d 10 (Ark. 2008) (noting that "the standard applicable to claims under the ACRA involving a pretrial detainee is 'deliberate indifference'").

County Defendants argue that any ACRA claim fails because such claims are analyzed under § 1983 standards and Plaintiff failed to establish his § 1983 claims.  ECF No. 137, p. 5 n.3.  It is true that ACRA claims are evaluated under federal § 1983 standards, including determinations for qualified immunity and the distinct requirements of individual and official capacity claims.  *See Benton Sch. Dist. v. Greer*, 730 S.W.3d 1, 9-11 (Ark. 2026); *and see Muntaqim v. Payne*, 628 S.W.3d 629, 635-36 (Ark. 2021) ("In construing ACRA, this court may look for guidance to state and federal decisions interpreting the federal Civil Rights Act, 42 U.S.C. § 1983").  However, the

Court must address certain distinctions in how Plaintiff alleges Claim Three before applying its prior findings to this claim.

First, Plaintiff brings Claim Three against all County Defendants. Next, this claim contains allegations that relate only to individual actions causing the deprivation of Rogers's rights; there are no allegations that any deprivation was caused by an official policy or custom. Thus, the Court's finding above regarding the § 1983 individual capacity claim against Seargent Rose, Hulet, Guise, and Mosley in Claim One applies equally to this claim. *See Benton Sch. Dist.*, 730 S.W.3d at 9-11. However, this ACRA claim necessarily fails against Columbia County because it cannot be liable under a respondeat superior theory; the alleged deprivation must be pursuant to an official policy or custom. *See id*. at 10 (citing federal § 1983 decisions regarding municipal liability). As to Sheriff Loe, without evidence of his direct involvement in the events on July 8, 2022, he can be liable as a supervisor only if Plaintiff shows that he "had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Barton v. Taber*, 908 F.3d 1119, 1125 (8th Cir. 2018) (quotation omitted). Just as the Court determined above regarding Claim Two, there is insufficient evidence in the record of a pattern of constitutional violations to establish that Sheriff Loe had notice that his supervision or training of those under his command was constitutionally inadequate. *See id*. at 1125-26 (noting that there must be a pattern of similar constitutional violations to support an inference that a supervisor had notice that failures in training or supervision were likely to result in a constitutional violations).

Accordingly, Plaintiff has established his ACRA claim against Seargent Rose, Hulet, Guise, and Mosley. Sheriff Loe and Columbia County are entitled to summary judgment for this claim.

### C. Medical Malpractice Claim

Claim Four alleges that Hulet, Seargent Rose, Guise, Mosley, and Columbia County committed medical malpractice under Arkansas Code § 16-114-203 in the course of providing treatment to Rogers on July 8, 2022.  ECF No. 2, p. 20-21.

County Defendants argue that neither Columbia County nor its agents are entities subject to a medical malpractice action.  ECF No. 137, p. 6.  They contend that Columbia County cannot be considered a "medical provider" under the plain statutory language governing malpractice actions, which is necessary for it or its employees to be named in such an action.  Plaintiff does not dispute this argument or reference his malpractice claim in response.

County Defendants are correct that Columbia County and its agents are not subject to a medical malpractice action.  The Arkansas Medical Malpractice Act ("AMMA") "applies to all causes of action for medical injury[.]"  *Pastchol v. St. Paul Fire & Marine Ins. Co.*, 929 S.W.2d 713, 714 (Ark. 1996) (citing Ark. Code Ann. § 16-114-202).  "Action for medical injury" is defined as "all actions against a medical care provider, whether based in tort, contract, or otherwise, to recover damages on account of medical injury[.]"  Ark. Code Ann. § 16-114-201(1).  "Medical care provider" is defined as:

> [A] physician, certified registered nurse anesthetist, physician's assistant, nurse, optometrist, chiropractor, physical therapist, dentist, podiatrist, pharmacist, veterinarian, hospital, nursing home, community mental health center, psychologist, clinic, or not-for-profit home healthcare agency licensed by the state or otherwise lawfully providing professional medical care or services, or an officer, employee, or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services[.]

Ark. Code Ann. § 16-114-201(2).  This Court previously determined that a county is not a "medical care provider" under the plain language of § 16-114-201(2).  *See Est. of Rodriguez by Castillo v. Union Cnty., Ark.*, No. 1:23-cv-1006, 2024 WL 3553281, at *5 (W.D. Ark. July 26, 2024) ("Under the 'ordinary and usually accepted meaning' of the language within § 16-114-201(2), Union

24

County cannot be viewed as a medical provider."). Moreover, Columbia County's employees are not agents "acting in the course and scope of employment in the providing of such medical care or medical services[.]" Ark. Code Ann. § 16-114-201(2). Thus, County Defendants are entitled to summary judgment on this claim.

There is a dimension to medical malpractice claims in Arkansas that the Court finds prudent to briefly address before proceeding to the remaining claims. The AMMA states that it is "the sole remedy with respect to any action for medical injury against a medical care provider." Ark. Code Ann. § 16-114-213. Any such action—regardless of whether it is labeled as a claim for fraud, breach of contract, or wrongful death—is treated as a medical malpractice action and subject to the requirements of such a claim. *See Howard v. Baptist Health*, 2026 Ark. App. 76, at 9-10, 2026 WL 290635, at *4-5. Non-malpractice claims for a medical injury against a medical provider are subsumed into a medical malpractice claim and a failure to establish the malpractice claim equates to failure to establish all other claims for medical injury. *See Howard*, 2026 Ark. App. 76, at 9-11, 2026 WL 290635, at *5; *Gray v. E.R.R.S., Inc.*, 2025 Ark. App. 327, at 7-9, 2025 WL 1450355, at *3-4. Because the Court determined above that County Defendants are not medical providers who can be subject to a malpractice suit, the Court does not consider the remaining Arkansas tort claims to have been subsumed into this claim.

### D. IIED and Wrongful Death

Plaintiff's remaining claims are Claim Five and Claim Six for IIED and wrongful death, respectively, and are based upon the same alleged failure to provide Rogers with adequate medical care that underlies the other four claims. ECF No. 2, p. 21-22. IIED is known as the tort of outrage in Arkansas and requires a plaintiff to show:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was

extreme and outrageous, beyond all possible bounds of decency, and was utterly
intolerable in a civilized community; (3) the actions of the defendant were the cause
of the plaintiff's distress; (4) the emotional distress sustained by the plaintiff was so
severe that no reasonable person could be expected to endure it.

*Rees v. Smith*, 301 S.W.3d 467, 471-72 (Ark. 2009).  Wrongful death actions arise when a person's

death is caused by neglect or other wrongful act "such as would have entitled the party injured to

maintain an action in respect thereof if death had not ensued" and "is therefore derivative of the

original tort."  *Hagar v. Shull*, 518 S.W.3d 683, 690 (Ark. App. 2017) (citing Ark. Code Ann. §

16-62-102(a)(1)).

County Defendants argue that they are generally immune from any of Plaintiff's tort

claims.  ECF No. 137, p. 4-6.  They rely upon the broad immunity counties and their employees

receive against tort claims under Arkansas Code § 21-9-301.  County Defendants also note that

neither Columbia County nor any other its employees named as Defendants have liability

insurance that could remove this statutory immunity.  In response, Plaintiff contends that such

immunity does not apply to intentional torts, which opens the door for his wrongful death and IIED

claims because they rest upon alleged intentional acts.  ECF No. 153, p. 30.  Plaintiff also asserts

that County Defendants did not specifically move for summary judgment on the IIED claim.  In

reply, County Defendants note that courts have applied this statutory immunity to such claims and

contend that their immunity argument for all state law claims necessarily included Plaintiff's IIED

claim.  ECF No. 163, p. 3-5.

Arkansas Code § 21-9-301(a) states that "all counties . . . shall be immune from liability

and from suit for damages except to the extent that they may be covered by liability insurance."

Further, "[n]o tort action shall lie against any such political subdivision because of the acts of its

agents and employees."  Ark. Code Ann. § 21-9-301(b).  "[T]he immunity granted to the political

subdivisions named in Ark. Code Ann. § 21-9-301 extends to the officials and employees of that

26

May 29 2026 46

governmental entity." *Doe v. Baum*, 72 S.W.3d 476, 482 (Ark. 2002).  This statutory immunity for public officials and employees does not extend to intentional torts.  *See Battle v. Harris*, 766 S.W.2d 431, 433 (Ark. 1989).  Arkansas has defined the "intentional" dimension of intentional tort to mean not merely an intentional act, but a "'desire' to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure[.]"  *Angle v. Alexander*, 945 S.W.2d 933, 935-36 (Ark. 1997) (quoting *Miller v. Esco, Inc.*, 692 S.W.2d 615, 616 (Ark. 1985)); *and see Stewart Title Guar. Co. v. Am. Abstract & Title Co.*, 215 S.W.3d 596, 606 (Ark. 2005) (noting that an intentional tort involves is one in which "the defendant must have either desired to bring about the harm to the plaintiff or have known that this result was substantially certain to be produced by his conduct.") (quotation omitted).

The Court finds that Plaintiff's remaining claims are barred by statutory immunity.  First, County Defendants have provided uncontested affidavits asserting that they did not have liability insurance at the relevant time.  ECF No. 138-1; ECF No. 138-2; ECF No. 138-3; ECF No. 138-4; ECF No. 138-5; ECF No. 138-6.  Next, there is no evidence in the record to establish that these claims were "intentional" as defined under Arkansas law.  Though the Court determined above that there is sufficient evidence in the record to establish that Seargent Rule, Hulet, Guise, and Mosley were deliberately indifferent to Rogers's serious medical need, there is no evidence showing that they "desired" to bring distress, suffering, or death upon Rogers through their delay in calling an ambulance or acted with an intent to injure him.  *Angle*, 945 S.W.2d at 935-36.  Despite its name, an IIED claim's mental state element does not necessarily require that a defendant intended emotional distress; it can be satisfied through showing they "should have known" that distress was the likely result of their conduct.  *Rees*, 301 S.W.3d at 471.  Thus, it is possible to satisfy the elements of an IIED claim against a county official but have it barred by

immunity under Arkansas Code § 21-9-301 when there is no evidence that the defendant desired to inflict an injury. *See Dillard v. City of Springdale, Ark.*, Case No. 5:17-cv-5089, 2022 WL 403287, at *9-10 (W.D. Ark. Feb. 9, 2022) (noting that there was statutory immunity under § 21-9-301 for an outrage claim in the absence of evidence that defendants desired to inflict emotional distress). This deficiency similarly applies to Plaintiff's wrongful death action, as the record cannot show that County Defendants' conduct was done with the intention of causing Rogers's death. *See Franklin v. City of Ozark*, 715 S.W.3d 882, 888-90 (Ark. App. 2025) (finding that wrongful death action was barred by § 21-9-301 because it was not based upon allegations that defendants desired to bring about the consequences of their conduct). Accordingly, County Defendants are entitled to immunity for Plaintiff's IIED and wrongful death claim under Arkansas Code § 21-9-301.

## IV. CONCLUSION

For the reasons stated above, County Defendants' Motion for Summary Judgment (ECF No. 136) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court:

1) denies County Defendants' request for summary judgment for Claims One and Two;

2) denies County Defendants' request for summary judgment for Claim Three with regard to Defendants Seargent Rose, Hulet, Guise, and Mosley;

3) grants County Defendants' request for summary judgment on Claim Three with regard to Defendants Columbia County and Sheriff Loe; and

4) grants County Defendants' request for summary judgment on Claim Four, Claim Five, and Claim Six.

**IT IS SO ORDERED**, this 12th day of May, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

28

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**Randy Dewayne Rogers, as Administrator of**          **PLAINTIFF**
**the Estate of Randy James Rogers, and on his**
**own behalf**

**CASE NO. 1:24-CV-1036-SOH**

**Columbia County, *et al***                           **DEFENDANTS**

## NOTICE OF INTERLOCUTORY APPEAL

Comes now the Separate Columbia County Defendants, Michael Loe, Matthew Hulet, Aaliyah Rose, Jesse Guise, Mark Moseley, and Columbia County, Arkansas, and hereby give Notice of Appeal to the Eighth Circuit Court of Appeals, taken pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1985) and *Mettler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999), which allow for the taking of a *de novo* interlocutory appeal after the denial of a motion for summary judgment premised upon, *inter alia*, qualified immunity, and does state as follows:

1.      This appeal is taken from the Court's Opinion and Order of May 12, 2026 (Doc. # 173), wherein the Court denied, in part, the Separate Columbia County Defendants' Motion for Summary Judgment that was based, *inter alia*, on the doctrine of qualified immunity.

2.      Separate Columbia County Defendants were/are entitled to qualified immunity on the Plaintiff's claims in this case for the reasons set forth in the Defendants' Motion for Summary Judgment and supporting filings (Doc. ## 136, 137, and 138 including all exhibits thereto, which are adopted and incorporated herein, as if set forth word for word).  The Separate County Defendants Adams respectfully contend that the Court of Appeals has jurisdiction of this appeal because, despite the District Court's finding that genuine issues of material fact precluded any grant of qualified immunity and/or summary judgment to the Separate County Defendants, those Defendants are, in fact, entitled to qualified immunity and summary judgment even if all factual issues are resolved in favor of the Plaintiff (which will be an underlying presumption and premise of this appeal).

3.      Because the claim(s) against Columbia County are inextricably intertwined with the

claims against the Separate County Defendants in their individual capacities, such that the dismissal of the individual Defendants (particularly on a finding that qualified immunity should be granted because there is no proof of any constitutional violation) necessarily requires the dismissal of the County, this Court likewise has jurisdiction to consider the County's appeal, of which notice is hereby given.

4.    In light of this appeal, Separate Columbia County Defendants respectfully request a stay of the case, so as to avoid piecemeal litigation and to preserve the resources of the parties and the Court. To the extent necessary herein, Separate Defendants designate the entire record before the District Court on appeal.

WHEREFORE, Separate Defendants hereby notifies the Court of his appeal of this matter and moves for a stay of the proceedings before this Court until their claims of qualified immunity has been heard *de novo* and adjudicated by the Court of Appeals.

Respectfully submitted,

Michael Loe, Matthew Hulet, Aaliyah Rose, Jesse Guise, Mark Moseley, & Columbia County, Separate Columbia County Defendants

Jason E. Owens
Ark. Bar. No. 2003003
OWENS & PARKER LAW FIRM
Mailing Address: P.O. Box 850
Conway, Arkansas 72033-0850
Physical Address:1160 Markham St., Ste. 2
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
Email: owens@jowenslawfirm.com

# U.S. COURT OF APPEALS - EIGHTH CIRCUIT
# NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  **EL DORADO DIVISION**

Civil Case No.:   **1:24-cv-1036**

Case Title:       **Rogers v. Columbia County, et al**

Length of Trial:  N/A

Financial Status:    Fee Paid?                              Yes

                  If NO, has IFP been granted?            N/A

                  Is there a pending motion for IFP?       N/A

Are there any other post-judgment motions?        No

Please identify the court reporter.

        If no court reporter, please check   ☑

        Name and Phone Number   (No Court Reporter)
                                .

SPECIAL COMMENTS:

Notice of Interlocutory Appeal as to [173] Order on Motion for Summary Judgment